**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MICHAEL FOSTER, individually and for all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 5:17-cv-7 ) ) |
| v. | ) ) ) |
| LOWE'S COMPANIES, INC., and NILOY INC. d/b/a DCT SYSTEMS, | ) **CLASS ACTION COMPLAINT** ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** ) ) |

Named Plaintiff MICHAEL FOSTER, on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby sets forth this class action complaint, pursuant to the Federal Rules of Civil Procedure, Rule 23, against Defendants Lowe's Companies, Inc. ("Defendant Lowe's") and Niloy Inc., d/b/a DCT Systems ("Defendant DCT") (collectively "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. Named Plaintiff and those he seeks to represent were former Information Technology Workers who were hired by Defendant DCT, pursuant to an independent contractor agreement, to perform work for Defendant Lowe's at its corporate headquarters (Mooresville, North Carolina), and who were promised an hourly rate for all time worked, plus reimbursement for work-related expenses, such as airfare and hotel purchases.

2. This is an action to recover amounts due and owing for work performed and expenses incurred by Named Plaintiff and those similarly situated, pursuant to the payment terms of Defendants' contractual agreement(s). Specifically, despite the fact that Plaintiffs complied with their contractual obligations to perform work for Defendants, Plaintiffs were not paid anything

1

for work performed during January and February of 2014. Prior to January 1, 2014, Defendants paid Plaintiffs their straight hourly rate for all time worked each week and reimbursed them for all work related expenses. Defendants, however, failed to pay Plaintiffs *anything* for time worked from January 1, 2014, up to and including February 15, 2014.

3. The apparent reason for Defendants' failure to compensate Plaintiffs, or reimburse them for work-related expenses, is due to a business dispute between Defendant Lowe's and Defendant DCT. In fact, Defendant DCT has brought claims against Defendant Lowe's seeking damages in the amount of $1,687,272 for the work actually performed by the Plaintiffs in this case. *See* Exhibit A - *Niloy, Inc. d/b/a DCT Systems v. Lowe's Companies, Inc.*, 5:16-cv-00029 (W.D.N.C. Feb. 18, 2016).

4. However, Defendants' ongoing business dispute does not relieve them from their contractual obligations to pay Plaintiffs. Moreover, Defendants have been unjustly enriched by contracting for Plaintiffs' services and benefitting from the fruits of Plaintiffs' labor, without paying for such services.

5. As a result of the breach by Defendants, Plaintiffs have been damaged in that they have not been paid anything for services performed and expenses incurred during the course of said services. Defendants' breach and refusal to pay Plaintiffs was done so in bad faith and in complete disregard for the rights of Plaintiffs.

## PARTIES

6. Named Plaintiff Michael Foster is a resident of Florida who worked for Defendants as an Information Technology Consultant ("ITC") in Defendant Lowe's corporate headquarters in Iredell County, North Carolina.

7. Defendant Lowe's is a national hardware chain incorporated under the laws of North Carolina, with its principal place of business located in Mooresville, North Carolina.

8. Defendant DCT is an information technology company incorporated under the laws of Georgia, with its principal place of business in Norcross, Georgia.

9. Defendant Lowe's contracted Defendant DCT to connect Defendant Lowe's with workers for the company's IT department.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the damages sought in this action exceed $75,000.00, exclusive of interest and costs.

11. The United States District Court for the Western District of North Carolina has jurisdiction because all Defendants conduct business in this district.

12. Venue is proper in this judicial district because Defendants perform substantial work in this District, have substantial contacts in this district, and because the substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

13. On or around August 10, 2012, Defendant Lowe's entered into a Master Services Agreement ("MPSA") with Defendant DCT, in which Defendant Lowe's agreed to purchase, and Defendant DCT agreed to provide, certain professional services. The scope of services to be provided were set forth in Statements of Work ("SOW"), which were jointly drafted and agreed upon by Defendants.[1] (Ex. A at ¶ 6-7).

---

[1] The MPSA was for an initial term of one year, with automatic renewal for up to five years. (Ex. A at ¶ 13).

3

14. The SOW included the agreed-upon fixed price and/or time and material charges for services performed. For fixed-price services (such as those at issue here), Defendant DCT invoiced Defendant Lowe's upon Defendant Lowe's acceptance of the work performed. *Id*. at ¶ 8-9.

15. Defendant Lowe's also agreed to reimburse Defendant DCT for reasonable costs and expenses incurred in connection with the SOWs. *Id*. at ¶ 12.

16. Upon information and belief, through the terms of the MPSA and fixed-price SOWs between Defendants for IT consulting services, Plaintiffs were hired as subcontractors by Defendant DCT to perform the duties of IT consultants as part of Defendant Lowe's IT department, and were tasked with improving the department's operation to run more effectively.

17. Upon information and belief, and premised upon the terms of Defendants' SOWs, Plaintiffs were promised an hourly rate and reimbursement for certain work related expenses.[2]

18. All work done by Plaintiff and those similarly situated had to be approved by Defendant Lowe's.

19. On average, Plaintiff and those similarly situated worked forty to fifty (40-50) hours per week, and sometimes more.

20. At all times relevant to this action, Plaintiff and other similarly situated workers traveled to and worked at the physical address for Defendant Lowe's, exclusively for Defendant Lowe's, and under the regular or daily supervision of supervisors employed by all Defendants.

21. Upon information and belief, and premised upon the terms of Defendants' MPSA and SOWs, Defendant DCT submitted invoices and reimbursement requests to Defendant Lowe's. *Id*. at ¶ 18, 20.

---

[2] For example, Named Plaintiff, Michael Foster, worked for Defendants at a rate of $50 per hour.

22. Prior to January 1, 2014, Defendants paid Plaintiff and those similarly situated every two weeks, without issue.

23. On or around January 1, 2014 through February 15, 2014, Defendants refused to pay Plaintiff and those similarly situated for any of their IT consulting services performed under the terms of Defendants' MPSA and SOWs.

24. On or around January 1, 2014 through February 15, 2014, Defendants also refused to reimburse Plaintiff and those similarly situated for their travel expenses under the terms of Defendants' MPSA and SOWs.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

26. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiff and the putative class members.

27. Pursuant to Rule 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings his claims for relief to redress and remedy Defendants' improper withholding of payments due and owed, on behalf of himself and the putative class members.

28. Plaintiff and the putative class members assert that despite their compliance with contractual obligations to perform services for Defendants, Plaintiffs were not paid anything for work performed and expenses incurred during the course of performance from January through February of 2014.

29. <u>The Proposed Class:</u> All individuals who were hired by Defendant DCT as independent contractors and who worked for Defendant Lowe's as Information Technology Consultants, or

5

any similarly-titled position, during the relevant statute of limitations period, and who were not paid anything for services performed and expenses incurred in January and February of 2014.

30. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. On information and belief, the total number of putative class members represents approximately forty (40) individuals. The exact number of class members may be determined from Defendants' records.

31. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, in that Named Plaintiff and all putative class members have been harmed by Defendants' failure to pay promised and earned compensation. The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants refused to pay Named Plaintiff and the putative class members for services performed in January and February of 2014;

   b. Whether Defendants refused to pay Named Plaintiff and the putative class members for expenses incurred during the course of services performed in January and February of 2014;

   c. Whether Defendants' refusal to pay Named Plaintiff and the putative class members such compensation for services performed is in breach of Defendants' contractual obligations; and

   d. Whether Defendants' refusal to reimburse Named Plaintiff and the putative class members for expenses incurred is in breach of Defendants' contractual obligations.

32. The damages suffered by the Named Plaintiff and putative class members arise from the same nucleus of operative facts.

33. <u>Typicality</u>: The claims of Named Plaintiff herein are typical of those claims which could be alleged by a putative class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All class members were subject to the same policies and practices of Defendants, as alleged herein, of refusing to pay for services performed and expenses incurred pursuant to the terms of Defendants' compensation agreements. Defendants' compensation policies and practices affected all putative class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each putative class member. Named Plaintiff and the putative class members sustained similar losses, injuries, and damages arising from the same unlawful acts and omissions.

34. <u>Adequacy of Representation</u>: Named Plaintiff is able to fairly and adequately protect the interests of the putative class members, and there are no known conflicts of interest between Plaintiff and the putative class members. Plaintiff has retained counsel who is experienced and competent in complex class action litigation.

35. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would

7

Case 5:17-cv-00007-RLV-DCK   Document 1   Filed 01/06/17   Page 7 of 11

make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests though actions to which they were not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I
### Breach of Contract

36. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

37. Defendants' MPSA is a binding agreement, entered into between Defendants, for the purchase and delivery of professional services by Plaintiffs, as set forth in SOWs and pursuant to specific payment obligations, and was fully supported by proper consideration.

38. Defendants' hired Plaintiffs to perform IT consulting services pursuant to the terms, conditions, and obligations of Defendants' MPSA and SOWs.

39. Plaintiffs have complied with all obligations under Defendants' MPSA and SOWs, and are entitled to payment due under the terms of these agreements for services performed during

8

the relevant time period to this action, namely for services performed in January and February of 2014.

40. Defendants' refusal to pay the outstanding amounts due and owed for services performed and expenses incurred is in breach of the terms of the MPSA and SOWs.

41. Defendants breach was done in bad faith and in reckless disregard for the rights of Plaintiffs.

42. Defendants' refusal to pay the outstanding amounts due and owed has proximately caused additional damages to Plaintiffs, in an amount to be determined at trial.

## COUNT II
### Unjust Enrichment

43. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

44. At the expense of Plaintiffs, Defendants have benefitted from Plaintiffs' services performed and expenses incurred, at absolutely no cost to Defendants.

45. In the alternative, should the Court deem Defendants' MPSA and SOWs unenforceable, Plaintiffs are entitled to compensation and reimbursement for the full value of services performed and expenses incurred by Plaintiffs, of which Defendants derived a substantial benefit.

46. As a result of Defendants' improper refusal to pay Plaintiffs, equity demands that Defendants disgorge the benefits received in an amount to be determined at trial.

## COUNT III
### Attorneys' Fees and Expenses of Litigation

47. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

48. Pursuant to N.C. Gen. Stat. § 6-20, Plaintiffs respectfully request that this Court award Plaintiffs' reasonable attorneys' fees, costs and expenses incurred in bringing and prosecuting this class action lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL FOSTER, individually and on behalf of all others similarly situated, through his attorneys, demand judgment against the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Award Named Plaintiff and all those similarly situated actual damages for outstanding compensation due under the payment terms of Defendants' agreement(s);

B. Award Named Plaintiff and all those similarly situated attorneys' fees and expenses of litigation;

C. Award Named Plaintiff and all those similarly situated prejudgment interest on Plaintiffs' damages; and

D. Grant Named Plaintiff and all those similarly situated any additional relief that the Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of January, 2017.

/s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez, (NCSB No. 36812)
Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com


*/s/ Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
Catherine Mitchell
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

11